HARRY M. LASKER, INC., Appellant, *v.* NATIONAL SURETY COM-PANY, Respondent. (Action No. 1.)

First Department, April 3, 1925.

Principal and surety — action to recover on bond of indemnity — defend-ant agreed to indemnify plaintiff against loss sustained because of wrongful act of motor vehicle dealer in transferring to plaintiff notes secured by conditional sale agreement with knowledge of defect in title or of prior incumbrance — bond provided that no motor vehicle would be covered unless twenty-five per cent of value was paid — motor vehicle dealer's president forged note purporting to be secured by condi-tional sale agreement and transferred same to plaintiff — no sale of motor vehicle — bond does not cover loss on said transaction.

A surety company is not liable under an indemnity bond for the loss occasioned to the purchaser of notes, purporting to be secured by a conditional sale agree-ment of specified motor vehicles, which notes were forged by the president of the motor vehicle dealer and transferred to the plaintiff, where it appears that there was no sale or transfer of the specified motor vehicles to the maker of the notes, and that the defendant's obligation under the bond was to indemnify the plaintiff against any loss that it might sustain because of the wrongful act of any motor vehicle dealer in transferring to it, directly or through the maker, any note or series of notes, title to or lien upon any motor vehicle, with knowledge of a defect in title thereto or of a prior incumbrance thereon, and where it appears that the bond also provides that no motor vehicle will be covered by the bond unless at least twenty-five per cent of the value is paid thereon at the time of delivery.

The defendant's bond does not cover the loss, since there was no sale or transfer of the specified motor vehicles to the maker of the notes.

APPEAL by the plaintiff, Harry M. Lasker, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of June, 1924, granting defendant's motion to dismiss the complaint on the ground that the complaint, as limited by the bill of particulars, does not state facts sufficient to constitute a cause of action, and also from a judgment entered in said clerk's office on the 27th day of June, 1924, pursuant to said order.

· *Pitkin & Rosensohn* [*Samuel J. Rosensohn* of counsel], for the appellant.

*Stewart Maurice,* for the respondent.

MARTIN, J.:

This action was brought by plaintiff against the defendant to recover the sum of $7,328 and interest on a bond whereby the defendant agreed " to indemnify the obligee [plaintiff] from and against any direct loss   *   *   *   which the obligee may sustain *   *   *   because of the wrongful act of any motor vehicle dealer in transferring to the obligee, directly or through the maker of any such note or series of notes, title to or a lien upon any such motor vehicle with knowledge of a defect in the title thereto or of a prior encumbrance thereon."

Defendant's obligation is expressly made dependent on certain provisos. The " Second " of these is " That no motor vehicle shall be covered hereunder unless there shall have been made on account of such motor vehicle, at the time of delivery thereof, a cash deposit or its equivalent of at least twenty-five per cent (25%) of the sale value of such motor vehicle, if a passenger car, or twenty-five per cent (25%) if a commercial vehicle, tractor or trailer."

The defendant moved for judgment on the pleadings on the ground that the complaint, as limited by the bill of particulars, does not set forth facts sufficient to constitute a cause of action.

The court below granted the motion " because it does not appear from the complaint that there was a payment of twenty-five per cent of the price of the cars as required by the agreement of indemnity given when the bond was written."

The question is whether the complaint sets forth facts constituting a cause of action. It contains but one count. It alleges that plaintiff purchased two notes from the B. & B. Motor Sales Corporation, each purporting to be secured by a conditional sale agreement, for which it paid $7,328, the amount sued for; that these notes were signed " S. Brooks Company, by S. Brooks; " that each purported to be given in payment of specified Gary trucks purchased by S. Brooks Company from B. & B. Motor Sales Corporation; and that the notes were indorsed by B. & B. Motor Sales Corporation to plaintiff.

The 11th paragraph of the complaint reads: " That in fact, as it subsequently appeared, neither Mr. Brooks nor the S. Brooks Company had in any way participated in the transaction detailed in paragraph 8. The notes were forged by L. W. Brown, President of B. & B. Motor Sales Corporation."

It is alleged that the president of the B. & B. Motor Sales Cor-

poration absconded and that it defaulted " on its obligation to plaintiff " and is in the hands of a receiver.

The 14th paragraph of the complaint alleges: " That as a result of the aforesaid wrongful conduct of L. W. Brown, President of B. & B. Motor Sales Corporation and of B. & B. Motor Sales Corporation, in purporting to transfer to plaintiff security to which he knew he had no title, for the advance made by plaintiff, plaintiff was damaged in the sum of Seven thousand three hundred twenty-eight ($7,328.00) Dollars, the amount of the loan."

An examination of the bond attached to the complaint shows that its purpose was to protect plaintiff against losses of two kinds.  The first is loss by reason of a buyer of an automobile disposing of it in such a manner that the protection to the buyer's notes, afforded by a conditional sale agreement, could no longer be availed of by plaintiff as holder of the notes.  *Secondly*, plaintiff was insured against the failure of a conditional sale agreement to protect it, as the holder of notes, resulting from the fact that the title of the seller or dealer to the car was defective when he sold it.  In such a case a conditional sale agreement might fail of its purpose because of a title or right to the car superior to that of the seller, or the buyer from him.

It is this second form of indemnity on which plaintiff relies.  The language of the bond now principally in point is that quoted above. Clearly it contemplates a case where a car has been sold and transferred to the maker of notes which have come into plaintiff's possession.  It does not contemplate a case such as this is shown to be by the 11th paragraph of the complaint.  It protects against loss of the security, the car, not against a swindle perpetrated by a dealer who, though he has not sold the car referred to in the conditional sale agreement, has represented the contrary and forged notes which he has sold to plaintiff.

Plaintiff resorts to a variety of arguments to show that the case is one in which it was intended the bond should afford protection. It seems to us that there is no basis for its argument as no automobile was sold or transferred and the transactions were not such as the bond contemplated.  The bond contemplated a *bona fide* sale of an automobile.

The judgment and order should be affirmed, with costs.

DOWLING, FINCH, McAVOY and BURR, JJ., concur.

Judgment and order affirmed, with costs.