HARRY M. LASKER, INC., Appellant, *v.* NATIONAL SURETY COMPANY, Respondent.    (Action No. 2.)

First Department, April 3, 1925.

Principal and surety — action on bond indemnifying plaintiff against loss arising from unlawful act of motor vehicle dealer in transferring notes secured by conditional sale covering motor vehicle with knowledge of defect in title or prior incumbrance — bond does not cover any loss where less than twenty-five per cent of value of motor vehicle was paid — no liability where notes and conditional sale contract were forged and no motor vehicle was sold — cause of action which fails to allege payment of twenty-five per cent of value of motor vehicle is insufficient.

A complaint in an action to recover on an indemnity bond given by the defendant, whereby it agreed to indemnify the plaintiff against loss which it might sustain because of the wrongful act of any motor vehicle dealer in transferring to it any note or series of notes secured by conditional sale contract on a motor vehicle, where the title to the motor vehicle was, with the knowledge of the motor vehicle dealer, defective or where the motor vehicle was subject to prior incumbrance, does not state a cause of action where it is alleged that a note transferred by a motor vehicle dealer and a conditional sale contract securing the same were forged and do not represent a sale of a motor vehicle.

A cause of action is not stated which fails to allege that at least twenty-five per cent of the value of the motor vehicle was paid at the time of the transfer thereof to the buyer, since the bond specifically provided that it does not cover any sale of a motor vehicle unless twenty-five per cent is paid thereon at the time of the transfer.

APPEAL by the plaintiff, Harry M. Lasker, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of June, 1924, granting defendant's motion to dismiss the complaint on the ground that the complaint, as limited by the bill of particulars, does not state facts sufficient to constitute a cause of action, and also from a judgment entered in said clerk's office on the 27th day of June, 1924, pursuant to said order.

*Pitkin & Rosensohn* [*Samuel J. Rosensohn* of counsel], for the appellant.

*Stewart Maurice,* for the respondent.

MARTIN, J.:

This action was brought by plaintiff against defendant to recover the sum of $7,011.10 and interest on a bond whereby the defendant agreed to " indemnify the obligee [plaintiff] from and against any direct loss * * * which the obligee may sustain * * * because of the wrongful act of any motor vehicle dealer in transferring to the obligee, directly or through the maker of any such

note or series of notes, title to or a lien upon any such motor vehicle with knowledge of a defect in the title thereto or of a prior encumbrance thereon."

The complaint contains four causes of action totalling $7,011.10 all based upon the same bond. The first cause of action is based upon the purchase from the B. & B. Motor Sales Corporation of a note for $2,600 secured by a conditional sale agreement signed " L. W. Brown Co., Inc., Herman Lozowick, Sec.," which note was represented to have been given in payment of a Gary truck purchased by the L. W. Brown Company, Inc., from the B. & B. Motor Sales Corporation. The complaint alleges that the title to the motor truck was defective and that, as a result of the wrongful conduct of the B. & B. Motor Sales Corporation in knowingly transferring defective security, plaintiff was damaged in the sum of $2,080, the amount remaining unpaid on the note originally purchased.

The second cause of action is based upon the purchase from the B. & B. Motor Sales Corporation of a note for $2,100 secured by a conditional sale agreement signed by the " L. W. Brown Co., Inc., Herman Lozowick," which note was represented to have been given in payment of a Gary truck purchased by the L. W. Brown Company, Inc., from the B. & B. Motor Sales Corporation. The complaint alleged that the title to the motor truck was defective and that as a result of the wrongful conduct of the B. & B. Motor Sales Corporation in knowingly transferring defective security, plaintiff was damaged in the sum of $1,680, the amount remaining unpaid on the note originally purchased.

The third cause of action is based upon the purchase from the B. & B. Motor Sales Corporation of a note for $3,901.34 secured by a conditional sale agreement signed " M. Simon Trucking Company, M. Simon," which note was represented to have been in payment of an Available truck purchased by the M. Simon Trucking Company from the B. & B. Motor Sales Corporation. The complaint alleged that the title to the motor truck was defective and that as a result of the wrongful conduct of the B. & B. Motor Sales Corporation in transferring such defective title, plaintiff was damaged in the sum of $3,251.10, the amount remaining unpaid on the note made by M. Simon Trucking Company and indorsed by the B. & B. Motor Sales Corporation to Harry M. Lasker.

The fourth cause of action is based upon the facts set forth in the third cause of action and alleges wrongful conversion of the truck by the M. Simon Trucking Company, as a result of which conversion plaintiff was damaged in the sum of $3,251.10.

The defendant moved for judgment on the pleadings, contending

that the complaint, as limited by the bill of particulars, did not set forth facts sufficient to constitute a cause of action. The court at Special Term granted the motion.

The bill of particulars sets forth the following:

" IV. On February 15, 1921, the plaintiff purchased from the B. & B. Motor Sales Corporation, the two notes heretofore marked Exhibits 4 and 5, annexed hereto, secured by the conditional sales contracts, Exhibits 1 and 2. These notes were duly endorsed by the B. & B. Motor Sales Corporation and by L. W. Brown. It appears from the conditional sale contract, Exhibit 1, that the purchase price for the Gary truck, serial number 14017, was $4,312, on which $1,712 had been paid, and it appears from the conditional sale contract, Exhibit 2, that the purchase price for the Gary truck 8426 was $3,528 on which $1,428 had been paid. The amounts so paid on account of the purchase price are more than twenty-five per cent of the value of the motor trucks. Harry M. Lasker of New York City and his successor, Harry M. Lasker, Inc., kept on file at the principal office of Harry M. Lasker and/or Harry M. Lasker, Inc., a record of the installment notes together with the names and addresses of the makers thereof, a description of the motor vehicles, the due dates of the installment notes and the nature of the conditional sale contract given in connection therewith, and this record was open to inspection by the defendant. ·

" V. The first two installments on the note were paid respectively on or about March 15th, and on or about April 16th. The records available do not show how the payments were made, whether by check or by cash nor by whose checks they were made. The checks were either those of the L. W. Brown Co., Inc. or of the B. & B. Motor Sales Corporation.

" VI. The defect in title referred to in paragraph 14 of the complaint was that at the time of the execution of the conditional sale contract, which was turned over to the plaintiff, or its predecessor in title, as security, the said B. & B. Motor Sales Corporation had no title to such property and the conditional sale contract filed in the Essex County Register's office did not operate to transfer any title to the plaintiff; *that the signature of the maker of the conditional sale contract turned over to the plaintiff or its predecessor in title was a forgery.*  *  *  *

" XIII. The transaction referred to in paragraph 38 of the complaint is between M. Simon Trucking Company by M. Simon (instead of the L. W. Brown Co., Inc.) and the B. & B. Motor Sales Corporation. On February 2, 1921, the plaintiff or its predecessor in title received a purchaser's statement signed by M. Simon Trucking Company and M. Simon, from B. & B. Motor

Sales Corporation, a copy of which is hereto annexed marked ' Exhibit 9.'

" On January 31, 1921, when informed by the B. & B. Motor Sales Corporation that they wished to discount the note of M. Simon Trucking Company, a confidential report was received from the Retail Credits Company of M. Simon Trucking Company, M. Simon proprietor. This financial report showed that the dealer had been engaged in successful business for over four years and had an annual income of $7,000 and that he paid his bills promptly, and was a desirable account. That he had ' several large motor trucks and devoted most of his time to hauling merchandise for a large retail chain grocery company.'

" On February 4, 1921, Harry M. Lasker, advised the M. Simon Trucking Company that he had purchased the note for $3,901.34 and the conditional sale contract dated February 2, 1921, and signed by the M. Simon Trucking Company.

" XIV. On or about February 4, 1921, Harry M. Lasker, the predecessor of the plaintiff purchased from the B. & B. Motor Sales Corporation the note of $3901.34, heretofore marked Exhibit 6, annexed hereto, secured by the conditional sale contract annexed hereto as Exhibit 3. It appears from the conditional sale contract that the purchase price of the contract was $5852, on which $1950.66 had been paid. The amount so set forth as paid on account is more than 25 per cent of the sale values of such motor vehicle. Harry M. Lasker of New York City and his successor Harry M. Lasker, Inc., kept on file at the principal office of Harry M. Lasker and/or Harry M. Lasker, Inc., a record of the installment notes together with the names and addresses of the makers thereof, a description of the motor vehicles, the due dates of the installment notes and the nature of the conditional sale contract given in connection therewith, and this record was open to inspection by the defendant.    *    *    *

" XVI. The defect in title referred to in paragraph 42 of the complaint herein consisted of the fact that the B. & B. Motor Sales Corporation had purchased an 'Available' truck having the motor number 12572 but not the serial number mentioned in the conditional sale contract, and that the signature on the conditional sale contract delivered to the plaintiff's predecessor was forged by the B. & B. Motor Sales Corporation and did not operate to transfer the title to the plaintiff's predecessor. This conditional sale contract was duly filed in the Essex County Register's Office on February 2, 1921."

It is unnecessary to repeat what was said in action No. 1, decided herewith (212 App. Div. 511), as to the bond, its purpose and scope.

If no automobile was transferred then the situation is not one contemplated by the bond.

In the first count it is alleged that plaintiff bought a note purporting to have been given in payment of a car. It nowhere appears that a car was sold or transferred. The bill of particulars shows that the loss resulted from the fact that there was no sale, the signature to the conditional bill of sale having been forged.

We agree with respondent that the bond was intended to cover certain "losses sustained in financing actual sales and deliveries of existing motor vehicles" and not losses occasioned by the purchase of forged paper where there had been no sale or delivery.

In the second count it is alleged that the note there referred to was given in payment of a certain Gary truck purchased by the maker. But in the 24th paragraph the transaction is referred to as "the purported transaction." No actual transfer or delivery of any vehicle is indicated. From the complaint and the bill of particulars it is seen that the situation is the same as that set forth in the first count.

The discussion with reference to the second count applies to the third. It does not appear in the third count that any truck was transferred or delivered, and in the 42d and 43d paragraphs we again have the basic element of a "defective" title to the automobile. As to this count the bill of particulars sets forth that the defect was that the conditional sale contract was the result of forgery; so that it is again obvious that the bond does not apply.

In the fourth count it is alleged that the purchaser wrongfully disposed of the truck. A careful analysis of paragraph 36, realleged from the third count, and of the other allegations of the fourth, shows that, while it is suggested that more than twenty-five per cent may have been paid by the purchaser, this is nowhere alleged. It is merely alleged that the "total time selling price" was $5,852, whereas the note was for $3,901.34. It is not alleged that the purchaser paid the difference. The second proviso of the bond is applicable, and it is not alleged that the twenty-five per cent of the price was paid or deposited. No cause of action is alleged in this final count.

The complaint was properly dismissed, and the order and judgment should be affirmed, with costs.

DOWLING, FINCH, MCAVOY and BURR, JJ., concur.

Judgment and order affirmed, with costs.